# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BILLY JOE OGG,                                          Case No. 1:16-cv-816
    Plaintiff,                                 Barrett, J.
                                                       Litkovitz, M.J.

vs.

JAMES M. CLARK, et al.,                                **ORDER**
    Defendants.

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 alleging violation of his constitutional rights by prison employees. This matter is before the Court on defendants' motion to stay the discovery and dispositive motion deadlines (Doc. 23) and plaintiff's response in opposition (Doc. 27). This matter is also before the Court on plaintiff's motion to compel discovery (Doc. 26) and defendants' response in opposition (Doc. 29).

On February 21, 2017, the Court entered a calendar order that set a discovery deadline of August 17, 2017 and a dispositive motion deadline of September 18, 2017. (Doc. 21). On April 12, 2017, defendants filed a motion for judgment on the pleadings contending that plaintiff's amended complaint fails to state a claim upon which relief can be granted. (Doc. 22). Defendants now seek a protective order staying the discovery and dispositive motion deadlines until the Court rules on the motion for judgment on the pleadings. (Doc. 23). Defendants argue that there is good cause to stay these deadlines because there is a possibility of success on their pending motion for judgment on the pleadings and it "would be needlessly burdensome and cause the improvident use of scarce State resources" to respond to plaintiff's "voluminous" discovery requests at this time. (*Id.* at 3).

Plaintiff opposes a stay in this case (Doc. 27) and moves to compel discovery (Doc. 26). Plaintiff argues that he has made discovery requests "to try to prepare for trial and to prove the allegations in [the] amended complaint." (Doc. 27 at 2). Plaintiff contends his discovery requests "are well within the limits set by the Federal Rules." (*Id.*).

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). In assessing a motion to stay discovery, the Court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. 2:10-cv-219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on *legal* determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (emphasis added) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

Here, defendants' motion for judgment on the pleadings is premised on the grounds that plaintiff has failed to state a claim upon which relief can be granted and defendants are entitled to qualified immunity. These are questions of law and there is no indication that discovery is necessary to address the legal issues raised by the motion for judgment on the pleadings. Accordingly, a stay of the discovery and dispositive motion deadlines pending resolution of the motion for judgment on the pleadings is warranted in this case. The burden on defendants of

responding to plaintiff's discovery requests at this juncture would outweigh any hardship to plaintiff caused by a short delay in proceeding with discovery.

Consistent with the foregoing, defendants' motion to stay the discovery and dispositive motion deadlines (Doc. 23) is hereby **GRANTED**. Plaintiff's motion to compel discovery (Doc. 26) is therefore **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: 6/15/17

Karen L. Litkovitz
United States Magistrate Judge