# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BILLY JOE OGG,
Plaintiff,

vs.

JAMES M. CLARK, et al.,
Defendants.

Case No. 1:16-cv-816
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Southern Ohio Correctional Facility ("SOCF"), brings this civil rights action under 42 U.S.C. § 1983 against three SOCF officials alleging violations of his Eighth Amendment rights in relation to his exposure to paint fumes as a member of an inmate work crew that completes painting projects at SOCF. (Doc. 19). This matter is before the Court on defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 22), plaintiff's response in opposition (Doc. 39), and defendants' reply memorandum (Doc. 42).

## I. Background

### *A. Procedural History*

On April 12, 2017, defendants filed the instant motion for judgment on the pleadings. (Doc. 22). Plaintiff filed his pro se response in opposition on May 1, 2017. (Doc. 25). On June 15, 2017, the Court granted defendants' motion to stay the calendar order deadlines until the resolution of the motion for judgment on the pleadings. (Docs. 23, 30).

On July 6, 2017, plaintiff, through anticipated counsel, filed a motion to hold the case in abeyance and requested a status conference. (Doc. 31). After a status conference held on July 13, 2017, the Court granted plaintiff's motion to hold the case in abeyance until September 30, 2017. (Docs. 33, 34). Thereafter, counsel entered a formal appearance on behalf of plaintiff and

filed a response in opposition to defendants' motion for judgment on the pleadings on October 23, 2017. (Doc. 39). Defendants filed a reply memorandum on December 4, 2017. (Doc. 42).

B. *The Amended Complaint*

Plaintiff's pro se complaint alleges he is a member of an inmate work crew that completes painting projects at SOCF. (Doc. 19). He alleges that since at least 2009, he used PPG oil-based paint and was never issued protective equipment to use while painting. (*Id.* at ¶¶ 12-14; *Id.* at 26, Ogg Declaration). The complaint also identifies the numerous painting jobs that plaintiff worked on while at SOCF throughout the years. (*Id.* at ¶¶ 8-9, 13, 22). Plaintiff alleges that in 2016, he discovered that the oil-based paint he used was made with solvents and toxic chemicals that may cause serious health problems. (*Id.* at ¶¶ 9-10; *Id.* at 26, Ogg Declaration).

On March 22, 2016, plaintiff alleges that he worked with the inmate crew to paint showers at SOCF. (*Id.* at ¶ 8). Plaintiff alleges that "the fumes were so strong that the block officer (C/O Reese) called and tried to get maintenance to turn on the big ceiling fans but was told no it was to [sic] cold outside." (*Id.*).

On March 28, 2016, the crew was instructed to finish painting the last four showers from the previous project. (*Id.* at ¶ 9). Defendant Nolan brought gallons of PPG oil-based paint to the crew. (*Id.*). After a corrections officer asked plaintiff why his arms were so red, he responded that his arms typically turned red and flush while painting. (*Id.*). Plaintiff read the paint can label and asked defendant Nolan to view a safety data sheet, which was supposed to accompany the paint can label. (*Id.* at ¶ 10). Defendant Nolan never gave plaintiff the safety data sheet. (*Id.*). That same week, plaintiff asked a different SOCF official to see the safety data sheet. (*Id.*). That official showed plaintiff a safety data sheet, but plaintiff informed him it was for the wrong paint. (*Id.*). Plaintiff found copies of the safety data sheet in the SOCF law library. (*Id.*).

2

While reading the safety data sheet, plaintiff discovered that the PPG industrial oil-based paints at SOCF have solvents and toxic chemicals that cause serious health effects through repeated or prolonged contact or inhalation. (*Id.*). The health effects include permanent brain and central nervous system damage, and lung, liver, kidney, eye, skin, stomach, or testes damage. (*Id.*). Plaintiff alleges that these adverse health effects can be caused by absorption of the paint solvents and chemicals through the skin. (*Id.*). Plaintiff alleges that the paint always got on his hands and arms and once entered his eye while painting ceilings in rooms and offices. (*Id.*).

On April 1, 2016, plaintiff discussed his health problems and the effects of the paint exposure with defendant Holdren, who instructed plaintiff to see the SOCF doctor. (*Id.* at ¶ 11). The following weeks, plaintiff visited several different SOCF medical staff employees, including two nurse practitioners and a doctor. (*Id.*). Plaintiff believes he has damage to his brain, central nervous system, skin, and eyes; tremors in his hands; and nerve damage in his back and legs due to the alleged hazardous paint exposure. (*Id.* at ¶ 20). He also alleges that this exposure poses a risk of damage to his health in the future. (*Id.* at ¶¶ 20-21). Plaintiff alleges that defendants acted with "callous disregard and deliberate indifference for the health and safety of the inmates painting. . . ." (*Id.* at ¶ 17).

## II. Legal Standard

Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510

F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III. Defendants' motion for judgment on the pleadings should be denied.

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). In their motion, defendants argue that plaintiff's complaint should be dismissed because it fails to state a valid Eighth Amendment deliberate indifference claim. (Doc. 22 at 8). Defendants also contend that they are entitled to qualified immunity. (*Id.*). Defendants contend that plaintiff fails to satisfy the objective prong of a deliberate indifference claim because he has failed to plead facts showing that the conditions to which he was exposed created a substantial risk of serious harm to his health. (*Id.* at 12). Defendants specifically point out that plaintiff alleges that he only suffered adverse health effects from the paint on one occasion, that he was

4

treated by medical professionals who stated that he was not exposed to the paint long enough cause harm, and that he volunteered for the painting position at SOCF. (*Id.*).[1] Defendants also argue that plaintiff fails to satisfy the subjective component of a deliberate indifference claim and allege facts showing that defendants knew that the paint exposure created a risk of harm to his health and disregarded that risk. (*Id.* at 13-14).

In response, plaintiff maintains that he has pleaded sufficient facts to satisfy both the objective and subjective prongs of an Eighth Amendment claim. (Doc. 39 at 6-12).[2] Plaintiff argues that he has pleaded facts and presented evidence demonstrating that the paint exposure at SOCF created a substantial risk of serious harm to his health. (*Id.* at 6). Plaintiff specifically notes that he pleaded facts about the toxic contents, hazards, and warnings associated with the oil-based paint. (*Id.*). Plaintiff argues that he alleged in his complaint that he had personally used the oil-based paint since at least 2009-2010. (*Id.* at 7).[3] Plaintiff further contends that he has alleged sufficient facts to meet the subjective prong of a deliberate indifference claim and has shown that each defendant acted with the requisite culpable state of mind. (*Id.* at 8-11).

---

[1] Defendants also point out that plaintiff "provides documents to show that the paint was tested for safety in 2015, and that it was found to be safe to use." (Doc. 22 at 12) (citing Doc. 19 at ¶ 16; Doc. 7 at 31, Page ID# 164). In ruling on a motion for judgment on the pleadings, the Court can consider "exhibits attached thereto, public records, items appearing in the record of the case . . . so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). *See also Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). However, "[w]hile documents integral to the complaint may be relied on . . . it must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Ouwinga v. Benistar 419 Plan Serv. Inc.*, 694 F.3d 783, 797 (6th Cir. 2012). On the face of his amended complaint, plaintiff disputes that the paint was actually tested for safety and, as such, at this stage in the proceedings, the Court will not consider any disputed facts. (*See* Doc. 19 at ¶ 16).

[2] Plaintiff previously filed a response in opposition to defendants' motion for judgment on the pleadings while proceeding pro se. (Doc. 25). Because counsel is now representing plaintiff, the Court will only consider plaintiff's response (Doc. 39) filed by counsel.

[3] In their reply brief, defendants contend that "[p]laintiff is attempting to expand the scope of the current litigation from the two specific painting incidents" and that any claim beyond two years is barred by the statute of limitations for § 1983 cases. (Doc. 42 at 2). Defendants did not raise this issue in their motion for judgment on the pleadings and may not raise new issues for the first time in their reply brief. *See Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986). *See also Bishop v. Oakstone Academy*, 477 F. Supp.2d 876, 889 (S.D. Ohio 2007) ("[I]t is well established that a moving party may not raise new issues for the first time in its reply brief."). In any event, plaintiff's amended complaint sufficiently alleges that he discovered the paint he was using contained toxic chemicals in March 2016, but that he was exposed to such toxins since at least 2009 as a painter at SOCF.

The Eighth Amendment requires prison officials to provide humane conditions of confinement and "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to state a claim for relief under the Eighth Amendment against prison officials based on their failure to ensure an inmate's health and safety, a plaintiff must allege that (1) objectively, he is incarcerated under conditions posing a "substantial risk of serious harm" and (2) subjectively, the prison officials acted with a culpable state of mind of "deliberate indifference" to his health or safety. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814-15 (6th Cir. 1996) (quoting *Farmer*, 511 U.S. at 834). Deliberate indifference requires that prison officials know that inmates face a substantial risk of harm and "disregard[] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials must exhibit more than lack of due care for a prisoner's safety before an Eighth Amendment violation will be found. *Id.* at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. It is not enough that the official "should" have perceived a significant risk, but did not. *Id.* However, one may conclude that a prison official knew of a severe risk from the very fact that the risk was obvious. *Id.* at 842.

At this stage in the proceedings, the Court finds that plaintiff has pleaded sufficient facts satisfying both the objective and subjective prongs of his Eighth Amendment claim and has stated a plausible claim for relief. The complaint alleges that plaintiff has been exposed to toxic, oil-based paint while completing painting projects at SOCF since at least 2009. It was during the projects on March 22, 2016 and March 28, 2016 that plaintiff discovered he was exposed to potentially hazardous chemicals and toxins in the paint, and that prolonged exposure to the paint can cause serious adverse health effects, such as organ damage. Plaintiff also alleges that usage

of the paint requires proper training and protective equipment, which SOCF never provided to him as a painter. As a result, plaintiff alleges that he has suffered serious damage to his health. Objectively, at the pleading stage, the facts alleged demonstrate that the conditions at SOCF posed a "substantial risk of serious harm" to plaintiff's health. *See Farmer*, 511 U.S. at 834. *See also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (inmate states a claim for relief under the Eighth Amendment when alleging that prison officials "exposed him to levels of [a toxic chemical] that pose an unreasonable risk of serious damage to his future health" and were deliberately indifferent); *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005) (to satisfy the objective component, a prisoner must allege "more than 'mere discomfort or inconvenience'" and "demonstrate that the risk is one which society deems 'so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.'").

Plaintiff has also pleaded sufficient facts satisfying the subjective component of an Eighth Amendment claim. Contrary to defendants' argument that plaintiff's claims are improperly grounded on principles of *respondeat superior, see Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), plaintiff has alleged facts showing that each of the named defendants was personally involved in his exposure to the potentially hazardous chemicals in the oil-based paint. Plaintiff alleges that he initiated discussions with SOCF officials, including defendants Holdren and Nolan, to "let them know there was a problem with the way the paints were being issued without protective equipment or any warnings that the paints were a hazardous material and caused serious health problems." (Doc. 19 at ¶ 12). Plaintiff further alleges that he informed these defendants that he "had been exposed for years and [he] needed to be tested for brain and nerve damage and that [he] had been having several problems that were listed as side effects of exposure to the solvents and chemicals." (*Id.*). Plaintiff alleges that as the maintenance

7

supervisor at SOCF, defendant Clark was responsible for purchasing the oil-based paints and issued the paints to inmates without warning or proper protective equipment. (*Id.* at ¶¶ 4, 19). Defendant Holden, as a safety and health officer at SOCF, "allows untrained inmates to use hazardous and toxic paints without protective equipment or training or warnings about the hazards when it is his job as the safety and health officer to make sure all safety policies and federal regulations are followed." (*Id.* at ¶¶ 5, 20). On April 1, 2016, plaintiff informed defendant Holdren of the effects of the paint on his health. (*Id.* at ¶ 11). Defendant Nolan, as a unit manager and work area supervisor, was present when plaintiff painted the showers on March 22 and March 28, and plaintiff expressed concerns to him about the toxic chemicals and asked him to view the safety data sheet. (*Id.* at ¶¶ 6, 10). Plaintiff alleges that "all three defendants have been present at some of my paint jobs." (*Id.* at ¶ 13).

Overall, plaintiff has therefore alleged facts plausibly showing that all three defendants possessed knowledge of the harmful effects of the oil-based paint and condoned its usage. Plaintiff also alleges facts showing that all three defendants had specific duties in their positions that involved the purchasing, distributing, or managing use of the oil-based paint at SOCF. These facts, taken as true as the Court must do when deciding a motion for judgment on the pleadings, suggest that all defendants knew that the paint exposure posed a substantial risk of harm to plaintiff's health and failed to take reasonable measures to abate that harm. *See Farmer*, 511 U.S. at 847. *See also Helling*, 509 U.S. at 35.

Defendants' reliance on *Smalley v. Hininger*, No. 1:14-cv-0028, 2015 WL 4112410, at *5 (M.D. Tenn. July 8, 2015) is not persuasive. (Doc. 22 at 10-11). In *Smalley*, the plaintiff was a member of an inmate painting crew who alleged that exposure to oil-based paint without proper safety equipment harmed his health. *Smalley*, 2015 WL 4112410, at *1-2. The Court

dismissed plaintiff's Eighth Amendment claim after an evidentiary hearing, which allowed the Court to make factual findings based on witness testimony and the introduction of evidence. *Id.* at *2-3. *Smalley* is distinguishable from this instant case. The evidentiary hearing in *Smalley* revealed that the inmate could not show that he suffered exposure to the paint fumes at an "unreasonably high level." *Id.* at *5. In addition, the defendants in that case did not act in a manner that was deliberately indifferent towards the inmate's health; instead, the prison officials took reasonable measures to ensure proper ventilation and provided the inmates with basic safety equipment while they painted. *Id.* No evidentiary hearing has been held in this case and the Court is therefore limited to consideration of plaintiff's amended complaint. As plaintiff has sufficiently alleged facts demonstrating that his exposure to the oil-based paint at SOCF created a "substantial risk of serious harm" and that defendants were deliberately indifferent to this risk of harm, defendants' motion for judgment on the pleadings should be denied.

Moreover, defendants are not entitled to qualified immunity on plaintiff's Eighth Amendment claims at this juncture. Government officials performing discretionary functions are generally shielded from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). "In determining whether qualified immunity applies, the court employs a two-part test, asking (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009) (citations and quotation and alteration marks omitted). As discussed above, plaintiff's complaint states a plausible claim for relief under the Eighth Amendment. In addition, it is clearly established by the U.S. Supreme Court that an inmate states an Eighth Amendment

9

claim when alleging that he was exposed to conditions that create "an unreasonable risk of serious damage to his future health." *Helling*, 509 U.S. at 35. Accordingly, defendants' request for qualified immunity should be denied.

## IV. Conclusion

For the reasons stated above, the Court finds that plaintiff has stated a plausible claim for relief under the Eighth Amendment and defendants' motion for judgment on the pleadings should be **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motion for judgment on the pleadings (Doc. 22) be **DENIED**.

Date: 2/6/2018

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY JOE OGG,
Plaintiff,

Case No. 1:16-cv-816
Barrett, J.
Litkovitz, M.J.

vs.

JAMES M. CLARK, et al.,
Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).